## CIRCUIT COURT OF THE CITY OF NORFOLK

Edward Wallace

v.

Bruce Darnell Hines

March 28, 1996

Case No. (Law) L95-1971

BY JUDGE EVERETT A. MARTIN, JR.

I find that neither ordering a new trial pursuant to Code of Virginia (1950) § 8.01-383 nor additur pursuant to § 8.01-383.1 is appropriate in this case. Having carefully reviewed the record and arguments, I find that the jury decision was reached in a fair and impartial manner and is supported by the evidence.

This automobile accident case was tried to a jury on March 4, 1996. The plaintiff offered evidence of medical expenses consisting of an emergency room bill on the day of the accident of $385.00 and a bill of $1,630.00 for services rendered by Dr. Camacho from March 30 to May 16, 1995. The jury found for the plaintiff and awarded damages in the amount of $385.00. Following the verdict, the plaintiff moved to set aside the verdict as inadequate, and he has requested a new trial on the issue of damages or, alternatively, to have the court grant additur for the proven medical expenses, plus a reasonable award for pain, mental anguish, and inconvenience. The plaintiff has not alleged that the jury was improperly instructed but that the jury's verdict was inadequate as a matter of law.

The Supreme Court of Virginia has held:

> An impartial jury, property instructed, is still the best tribunal to decide damages in personal injury cases. And we have also said that where the jury's verdict in a personal injury case on the issues of damages is supported by a logical interpretation of the contested factual issues, then the verdict should not be set aside merely because the court might have found differently on the

same issues in controversy. *Raisovich v. Giddings*, 214 Va. 485, 489, 201 S.E.2d 606, 609 (1974).

I find the cases the plaintiff cites in support of his argument for a new trial on damages or additur to be inapplicable. In *Dewald v. King*, 233 Va. 140, 354 S.E.2d 60 (1987), there was uncontroverted evidence of broken bones, and the Court relied heavily upon the jury's written notes on the verdict form to conclude the jury had only considered two of the elements of damages. In *Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987), there was uncontroverted evidence of a head wound requiring sutures. *Rome v. Kelly Springfield*, 217 Va. 943, 234 S.E.2d 277 (1977), involved a serious and permanent head injury, and the court found the jury must have ignored five of seven damages elements because the amount awarded equalled two of the elements and there was substantial evidence of, *inter alia*, disfigurement. In *Glass v. David Pender Grocery Co.*, 174 Va. 196, 5 S.E.2d 478 (1939), the plaintiff suffered severe injuries to ligaments and cartilage around the knee, and she was hospitalized for more than eight weeks.

The defendant has cited several cases in which the Supreme Court of Virginia upheld jury awards that were less than or nominally more than the proven special damages. I find that those cases control. The distinction among the cases was thus stated in *Bradner v. Mitchell, supra*:

> The distinction . . . lies in the differing quality of the plaintiff's evidence of special damages. Where that evidence is uncontro-verted and so complete that no rational factfinder could disre-gard it . . . it must be considered as a fixed, constituent part of the verdict . . . .
>
> On the other hand, *where the plaintiff's evidence of special damages is* controverted, *doubtful as to nature and extent*, or subject to substantial question whether attributable to the defen-dant's wrong or to some other cause, . . . then neither the trial court nor we, on appeal, can say that the plaintiff's special dam-ages constituted any fixed part of the jury's verdict. In such a case, a rational factfinder might properly find the plaintiff en-titled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be dis-

turbed on a claim of inadequacy. 234 Va. at 487-8, 362 S.E.2d at 721. (Emphasis added.)

In this case I believe the emergency room bill was the basis of the verdict, but I find the verdict is supported by a logical interpretation of the contested factual issues. The jury could have reasonably concluded on the basis of the evidence that the defendant was negligent in causing the accident and that as a result of the defendant's negligence, the plaintiff went to the emergency room to determine whether any medical treatment was necessary. The jury could also have reasonably concluded on the basis of the evidence that the plaintiff was not in fact injured and suffered no pain as a result of the accident, and therefore, no further medical treatment was necessary.

The plaintiff's case for damages rested entirely upon his own credibility. The damage from the accident to the automobiles was very slight, and there were no visible injuries to the plaintiff. His claim of injuries was completely subjective. The doctor testified he relied entirely upon the plaintiff's complaint of pain in making his diagnosis; therefore, the jurors could have concluded that the claimed injuries were feigned. *Mastin v. Theirjung*, 238 Va. 434, 384 S.E.2d 86 (1989). No evidence was offered that the plaintiff had been injured other than his own testimony.

It is the jury's duty to determine the credibility of the witnesses. After the accident, the plaintiff jogged to a telephone to call the police, and he did not complain of any injury to the investigating officer. Furthermore, the plaintiff was evasive and self-contradictory in his answers at trial. These are set out in the defendant's brief. The defendant established at trial that the plaintiff had given false answers to interrogatories about a prior back injury. The plaintiff also claimed lost wages of $8,000.00 when there was no basis for the claim. As such, the jury could have reasonably concluded the plaintiff was not wholly credible and that his claim of injury and pain from the accident was false.

The jury award does not demonstrate they failed to consider all of the elements they were instructed to consider with the possible exception of inconvenience, and they could have concluded this was not compensable as the plaintiff was unemployed and gave no testimony about how he was inconvenienced except waiting at the accident scene for a police officer and going to an emergency room.

The Clerk shall prepare an order entering judgment on the jury's verdict.